**Julio Cesar BRIZUELA–ROSALES, Petitioner,**

v.

**Alberto GONZALES,* Attorney General, Respondent.**

**No. 04–71103.**
**Agency No. A70–167–404.**

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* Alberto Gonzales is substituted for his prede-

Submitted April 4, 2005.**

Decided April 7, 2005.

Ali Golchin, Law Offices of Ali Golchin, San Diego, CA, for Petitioner.

CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, David V. Bernal, Attorney, Margaret K. Taylor, Esq., Ryan Wesley Bounds, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before KOZINSKI, HAWKINS and CLIFTON, Circuit Judges.

cessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM ***

Julio Cesar Brizuela–Rosales, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of deportation. Because the transitional rules apply, we have jurisdiction under 8 U.S.C. § 1105a(a). *See Movsisian v. Ashcroft,* 395 F.3d 1095, 1096 (9th Cir.2005). We review an adverse credibility finding for substantial evidence and will uphold the decision unless the evidence compels a contrary conclusion. *See Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir.2004). We deny the petition for review.

Substantial evidence supports the BIA's and IJ's decisions. Brizuela–Rosales' testimony was internally inconsistent, and inconsistent with his application regarding, *inter alia,* the timing and order of significant events, and whether his family was threatened. *See Pal v. INS,* 204 F.3d 935, 938 (9th Cir.2000); *see also Wang v. INS,* 352 F.3d 1250, 1259 (9th Cir.2003) ("[s]o long as one of the identified grounds is supported by substantial evidence and goes to the heart of [petitioner]'s claim of persecution, we are bound to accept the IJ's adverse credibility finding"). Because the IJ had reason to question Brizuela–Rosales' credibility, he could properly require corroborating evidence, and Brizuela–Rosales has not shown that the evidence he presented compelled a contrary conclusion in order to overcome the special deference accorded to credibility determi-

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

nations. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003); *Chebchoub v. INS,* 257 F.3d 1038, 1044–45 (9th Cir.2001).

Because Brizuela–Rosales failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of deportation. *See Movsisian,* 395 F.3d at 1097.

We decline to address Brizuela–Rosales' challenge under the Convention Against Torture because it was not properly argued in the opening brief. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897 (9th Cir.2004), petitioner's voluntary departure period will begin to run upon issuance of this court's mandate.

PETITION FOR REVIEW DENIED.